*In re* PARK SITE ON PRIVATE CLAIM 16, CITY OF DETROIT.

1. EMINENT DOMAIN—DAMAGES RECOVERABLE FOR ENTIRE LEASEHOLD INTEREST.
   In condemnation proceedings, the general rule as to damages for the taking of an entire leasehold interest is the fair market value of the lease; loss of profits and injury to business not being recoverable, although recovery may be had for damages for interruption of business.

2. SAME—STIPULATION—LESSEE ACCEPTING STIPULATED DAMAGES FOR LEASEHOLD INTEREST PRECLUDED FROM FURTHER RECOVERY.
   Where, in condemnation proceedings, lessor and lessee stipulated the agreed value of the leasehold interest, which amount was paid, the lessee is thereby precluded from recovering any further damages; loss of profits and injury to business being included therein, and no claim being made for damages for interruption of business.

Appeal from recorder's court of Detroit; Jeffries (Edward J.), J. Submitted January 15, 1929. (Docket No. 114, Calendar No. 34,011.) Decided June 3, 1929.

Condemnation proceedings by the city of Detroit against the Belle Isle Coliseum Company and others to acquire lands for park and other purposes. From a verdict of nominal damages, defendant corporation appeals. Affirmed.

---

* Continued from Vol. 246.

*MacKay, Wiley, Streeter, Smith & Tucker,* for appellant.

*Clarence E. Wilcox,* Corporation Counsel, and *John Atkinson,* Assistant Corporation Counsel, for appellee.

McDONALD, J. This is an appeal from a judgment in condemnation proceedings by the city of Detroit to take certain land for park purposes.

At the time the proceedings were instituted, the Belle Isle Coliseum Company was a lessee of a portion of the land on which it operated the pier ball room and coliseum of amusements. Francis O. Gaukler was the owner of the fee. The unexpired term of the lease was 24 years. Under its terms, the lessee was to erect and did erect the buildings which were to become the property of the lessor at the expiration of the lease. This is the second trial. On the first trial, the lessee was allowed $120,000 for business losses. A new trial was granted. On this trial, the lessee recovered a judgment for six cents. Before verdict in the first trial, the lessor and lessee entered into an agreement the applicable portion of which reads:

"For the purposes of the pending trial of the above entitled cause only and not otherwise, the value of the leasehold interest of the Belle Isle Coliseum Company and all parties claiming under it, are agreed to be $280,000."

This amount has been paid to the lessee, and when that fact appeared in the second trial, the city took the position that the lessee had thereby relinquished all right to further use of the property, and for that reason could not recover damages for loss of business. It was contended on the part of the lessee that the stipulated sum of $280,000 was not payment for

its leasehold interest, but was for the buildings, the use of which it surrendered to the lessor 24 years before the time specified in the lease. It further contended that in any event a settlement for the leasehold interest was entirely apart from its business loss. These contending claims present the principle issue in the case.

In view of the plain and unambiguous language of the stipulation, we must assume that the lessee settled with the lessor for its leasehold interest, and received therefor the sum of $280,000. The question is whether it is entitled to recover damages for business losses in addition to the value of its leasehold estate. It is here seeking to recover its prospective profits for the unexpired term of the lease. These profits are estimated from the net profits for the past five years, which, the testimony shows, averaged $43,000 a year. It might be said that the prospective profits are too speculative, but we prefer to rest our decision on other grounds. It is our opinion that all of the damages recoverable in this case are included in the value of the leasehold interest for which the lessee has received payment.

In a condemnation proceeding, the general rule as to damages for the taking of an entire leasehold interest is the fair market value of the lease. Loss of profits and injury to business are not recoverable. Lewis on Eminent Domain (2d Ed.), § 487; cases cited in note, page 869, Ann. Cas. 1918 B, 869.

In Michigan, this court has held that the owner of property taken may recover for interruption of business, but it has not gone so far as to hold that where his entire estate is taken he may recover for loss of future profits as a substantive element of damage. *Grand Rapids, etc., R. Co.* v. *Weiden,* 70 Mich. 390; *Detroit* v. *C. H. Little Co.,* 146 Mich. 373.

Where an entire leasehold interest is taken, it is a sensible and just rule that confines the damages to the fair market value of the lease, and, in case of exceptional circumstances where it has no market value, then the damages are the actual value. In estimating the value, it is proper to consider the location of the premises, their special adaptability to the business there being conducted, the length of time it has been established, its earnings and profits, the unexpired term of the lease, and every other fact that may affect its value. All of these matters go to enhance the value of the lease. They are not substantive elements of damages in condemnation proceedings.

In the instant case, the lessee stipulated that the value of its leasehold interest was $280,000. The profits of the business, now the subject of this suit, are included in the stipulated value of the leasehold, for which it has received payment from the lessor. It does not claim anything for interruption to business. The only other claim of damage that it could properly urge would be for the value of its lease, and for that it has settled. It follows that there can be no recovery in this case.

The judgment is affirmed, with costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.