# STATE OF MICHIGAN

# COURT OF APPEALS

SPARTAN STORES, INC. and FAMILY FARE, LLC,

        Petitioners-Appellants,

v

CITY OF GRAND RAPIDS,

        Respondent-Appellee.

FOR PUBLICATION
October 30, 2014
9:00 a.m.

No. 314669
Michigan Tax Tribunal
LC No. 00-397618

Before: SAAD, P.J., and OWENS and K. F. KELLY, JJ.

SAAD, P.J.

Petitioners appeal the Tax Tribunal's grant of summary disposition to respondent pursuant to MCR 3.116(C)(4). For the reasons stated below, we reverse and remand for proceedings consistent with this opinion.

## I. NATURE OF THE CASE

This case involves an issue of first impression: the proper definition of the term "party in interest" as used in MCL 205.735a(6). Enacted in 2006, MCL 205.735a allows a "party in interest" to a tax-assessment dispute that involves specified types of property to bypass the board of review and protest the assessment directly before the Tax Tribunal.

Petitioner Spartan Stores, Inc. ("Spartan") owns petitioner Family Fare, LLC ("Family Fare"), which operates a grocery store that leases space in a shopping center. Both claim that they are a "party in interest" under MCL 205.735a(6), and therefore may challenge the assessment of the shopping mall before the Tax Tribunal. Respondent, the city of Grand Rapids, maintains that, in general, only property owners or their agents, not leaseholders, may be considered a "party in interest" under MCL 205.735a(6), and therefore petitioners may not challenge the assessment of the shopping mall before the Tax Tribunal.

We agree with petitioners' broader argument, and hold that a "party in interest" under MCL 205.735a(6) includes persons or entities with a *property* interest in the property being assessed. We do so because: (1) the plain meaning of the statute mandates this result; and (2) the stated purpose of MCL 205.735a is to remove procedural barriers in property-tax disputes involving specifically defined businesses, and defining the term "party in interest" to mean "persons or entities with a property interest in the property being assessed" effectuates this aim.

Therefore, we hold that Family Fare is a "party in interest" under MCL 205.735a(6), because it has a leasehold in the shopping center, and thus possesses a property interest in the property being assessed. By application of the same principle, we rule that Family Fare's co-petitioner, Spartan, is not a "party in interest" because it does not have a property interest in the property being assessed. We accordingly reverse the trial court's grant of summary disposition to respondents pursuant to MCR 2.116(C)(4), and remand for proceedings consistent with this opinion.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner Family Fare, LLC ("Family Fare") is a Michigan business that is a wholly owned subsidiary of Spartan Stores, Inc. ("Spartan").[1] It operates a grocery store in a shopping center at 4325 Breton Road in Grand Rapids, and leases its space from the shopping center owner, Jade Pig Ventures - Breton Meadows, LLC ("Breton Meadows"). Under the lease, Family Fare is responsible for 78.71 percent of the shopping center's taxes.

In 2010, Spartan filed a petition with the tribunal per MCL 205.735a to challenge Grand Rapids' tax assessment of the property which Family Fare leased. Grand Rapids responded with a motion for summary disposition under MCR 2.116(C)(4), and argued that the tribunal lacked jurisdiction because Spartan was not a "person in interest" under MCL 205.735a(6). Family Fare then filed a motion for inclusion in the suit as an additional party, because as the entity responsible for the property taxes at issue, it was a "party in interest."

At first, the tribunal permitted Family Fare's inclusion in the suit, reasoning that it was a "party in interest" because it "lease[d] the subject property and is responsible for payment of property taxes for said property." But the tribunal reversed itself and granted respondent's motion for summary disposition, because petitioners supposedly failed to demonstrate that they were a "party in interest" under MCL 205.735a(6). Petitioners now appeal to our Court, and argue that the tribunal erred when it granted respondent's summary disposition under MCR 2.116(C)(4) because they are a "party in interest" per MCL 205.735a(6).

## III. STANDARD OF REVIEW

Where fraud is not claimed, we review the Tax Tribunal's "decision for misapplication of the law or adoption of a wrong principle." *Wexford Medical Group v City of Cadillac*, 474 Mich 192, 201; 713 NW2d 734 (2006). The tribunal's findings of fact are conclusive "if they are supported by competent, material, and substantial evidence on the whole record." *Id*. (internal citations omitted). Though we "defer to the tribunal's interpretation of a statute that it is charged with administering and enforcing,"[2] when statutory interpretation is involved, we review "the tribunal's decision de novo." *Id*. at 202. The tribunal's grant or denial of a motion for summary

---

[1] Actually, Family Fare is a wholly owned subsidiary of Seaway Food Towns, Inc., which is in turn a wholly owned subsidiary of Spartan Stores.

[2] *Inter Co-op Council v Dep't of Treasury*, 257 Mich App 219, 222; 668 NW2d 181 (2003).

disposition is also reviewed de novo. *Briggs Tax Service, LLC v Detroit Public Schools*, 485 Mich 69, 75; 780 NW2d 753 (2010).

The primary goal of statutory interpretation "is to discern and give effect to the intent of the Legislature." *Lafarge Midwest, Inc v Detroit*, 290 Mich App 240, 249; 801 NW2d 629 (2010). "When ascertaining the Legislature's intent, a reviewing court should focus first on the plain language of the statute in question." *Fisher Sand and Gravel Co v Neal A Sweebe, Inc*, 494 Mich 543, 560; 837 NW2d 244 (2013) (footnotes omitted). The contested portions of a statute "must be read in relation to the statute as a whole and work in mutual agreement." *United States Fidelity Ins & Guarantee Co v Mich Catastrophic Claims Ass'n*, 484 Mich 1, 13; 795 NW2d 101 (2009).

## IV. ANALYSIS

### A. LEGISLATIVE BACKGROUND: THE GPTA AND TTA

The statute at issue, MCL 205.735a, is part of a set of laws that govern the appeal of property-tax assessments in Michigan. To correctly interpret MCL 205.735a, it must be placed in context with the two separate statutory frameworks with which it interacts: (1) the General Property Tax Act (GPTA), MCL 211.1 *et seq.*; and (2) the Tax Tribunal Act (TTA), MCL 205.701, *et seq*.

Among other things, the GPTA specifies a method by which "person[s] whose property is assessed on the assessment roll or [their] . . . agent[s]" may "protest" the assessment on their property before the board of review. MCL 211.30(4); 2 Cameron, Michigan Real Property Law (3rd ed), § 28.19, p 1611. The boards of review are local-level bodies that are permitted to "correct the assessed value or tentative taxable value" of properties "in a manner that will make the valuation of the property relatively just and proper." *Id*. Again, in general, the *only* parties who may bring a protest before the board of review are "person[s] whose property is assessed on the assessment roll or [their] . . . agent[s]"—i.e., property owners or their agents.[3] *Id*.[4] Persons or entities who are not the property owner or his agent—for example, a commercial leaseholder who lacks the authorization of the property owner—may not protest tax assessments at the board of review. *Walgreen Co v Macomb Twp*, 280 Mich App 58, 64–65; 760 NW2d 594 (2008).

However, the board of review's decision on a property-tax assessment is not necessarily the final one. If the property owner or his agent so chooses, they may appeal the board's

---

[3] There are exceptions to this general rule, such as a tenant under a long-term lease that exceeds thirty-five years. MCL 211.27a(6)(g). See *Walgreen Co v Macomb Twp*, 280 Mich App 58, 66; 760 NW2d 594 (2008).

[4] See also *Walgreen Co*, 280 Mich App at 63 ("when read as a whole, MCL 211.30 affords 'taxpayers' the opportunity to be heard on tax protests, but *only* 'a person whose property is assessed on the assessment roll or his or her agent' may actually *make* such a property tax protest before the board of review") (emphasis in original).

decision to the Tax Tribunal, an administrative body created by the TTA, MCL 205.701, *et seq.* The TTA is separate and distinct from the GPTA, and the Tax Tribunal's mandates and procedures are different than those of the board of review. See *Walgreen Co*, 280 Mich App at 65.

MCL 205.721 creates the Tax Tribunal, and specifies that it is a "quasi-judicial agency" which functions as an appellate forum for property-tax-assessment disputes. MCL 205.731(a) grants the Tax Tribunal "exclusive and original jurisdiction" over the following: "[a] proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state."

The tribunal's jurisdiction is strictly limited by MCL 205.735(3). First, the tribunal is only permitted to hear actions that have already been "protested before the board of review." *Covert Twp v Consumers Power Co*, 217 Mich App 352, 355; 551 NW2d 464 (1996). Second, petitioners before the tribunal must be a "party in interest"—namely, a "person[] with an interest in the property being assessed." *Jefferson Sch v Detroit Edison Co*, 154 Mich App 390, 397; 397 NW2d 320 (1986).[5] Because of the interplay between the GPTA (which specifies that only property owners or their agents may bring protests before the board of review) and the TTA (which only allowed parties that had appeared before the board of review to appear before the Tax Tribunal), historically it was unnecessary for courts to define MCL 205.735(3)'s use of "party in interest" with any more specificity, as the term necessarily encompassed only those parties that had protested before the board of review—i.e., the property owner or his agent. MCL 211.30(4). In other words, the board of review's strict limit on which parties could contest property-tax assessments served as a screen on which parties could appeal those assessments to the Tax Tribunal, and necessarily limited the scope of MCL 205.735(3)'s "party in interest" to property owners or their agents.

## B. MCL 205.735A

The Legislature upended this arrangement in 2006, when it enacted MCL 205.735a, which allows specified parties to bypass the board of review and appeal property-tax assessments directly to the Tax Tribunal. The legislation had its origins in complaints from business owners, who disliked the fact that protest of a tax assessment began at a local board of review. Their concerns were threefold. First, property-tax assessments of business property—which range from department stores to massive manufacturing plants—are "quite complex," and business owners believed that "many local boards of review [did] not have the expertise to properly review business property tax disputes." House Legislative Analysis, HB 5854, August 23, 2006. Second, the GPTA's byzantine procedural requirements resulted in a "multitude of filings," which took a "great deal of time and resources to prepare." *Id.* And third, because business owners often disagreed with the conclusions of the board of review, appearance before the board had "become a formality, in order to preserve . . . appeal rights to the tax tribunal." *Id.*

---

[5] The term "party in interest" as used in MCL 205.735(3) bears no relation to the standing-related term "real party in interest" used in MCR 2.201(B). *Walgreen Co*, 280 Mich App at 65.

-4-

MCL 205.735a(4) addresses these concerns by mandating that:

(a) For an assessment dispute as to the valuation or exemption of property classified under section 34c of the general property tax act . . . MCL 211.34c, as *commercial real property*, *industrial real property*, or *developmental real property*, the assessment *may be protested before the board of review or appealed directly to the tribunal without protest before the board of review* as provided in subsection (6).

(b) For an assessment dispute as to the valuation or exemption of property classified under section 34c of the general property tax act . . . MCL 211.34c, as commercial personal property, industrial personal property, or utility personal property, the assessment may be protested before the board of review or appealed directly to the tribunal without protest before the board of review as provided in subsection (6), if a statement of assessable property is filed under section 19 of the general property tax act . . . MCL 211.19, prior to the commencement of the board of review for the tax year involved.  [MCL 205.735a(4) (emphasis added).]

In turn, MCL 205.735a(6) specifies that if the property assessed is of the type mentioned above—and *only* if the property assessed is of the type mentioned above—"a party in interest," may bypass the board of review and file a petition directly with the Tax Tribunal "on or before May 31 of the tax year involved."  Accordingly, the tribunal has *original* jurisdiction over tax-assessment petitions that: (1) involve "property classified under MCL 211.34c" as commercial, industrial, or developmental real property, or commercial, industrial, or utility personal property; and (2) are brought by a "party in interest."  *Id.*[6]

### 1.  "PROPERTY CLASSIFIED UNDER MCL 211.34C"

MCL 211.34c(2)(b) states that "commercial real property includes the following": "[p]latted or unplatted parcels used for commercial purposes, whether wholesale, retail, or service, with or without buildings."

Here, it is undisputed that the property in question, the shopping center owned by Breton Meadows from which Family Fare leases space, is a "parcel used for commercial purposes." Accordingly, a "party in interest" to the assessment of the property may appeal the assessment "directly to the tribunal without protest before the board of review."  MCL 205.735a(4)(a).

### 2.  "PARTY IN INTEREST"

---

[6] Stated another way, an individual or entity that is not a "party in interest" under MCL 205.735a(6) does not have standing to invoke the Tax Tribunal's jurisdiction.  Because this case involves a statutory cause of action—in other words, a cause of action provided at law by the Legislature in MCL 205.735a(4)—it is inappropriate for us to apply the common-law doctrine of standing.  See *Lansing Schools Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010).

To repeat, neither MCL 205.735a, nor the TTA, of which MCL 205.735a is a part, define the phrase "party in interest." Our Court has defined the term—"a party that has an interest in the property being assessed"[7]—but it did so before passage of MCL 205.735a and in a way that offers little clarity.[8]

If a term used in a statute is undefined, a court may look to a dictionary for interpretative assistance. *Klooster v City of Charlevoix*, 488 Mich 289, 304; 795 NW2d 578 (2011). Because the terms at issue have a "unique legal meaning" and are located in a complicated statute on tax-appeal procedure, we use a legal dictionary as opposed to a lay dictionary. See *People v Thompson*, 447 Mich 146, 151–152; 730 NW2d 708 (2007). "Party" is defined as "one who takes part in a transaction." *Black's Law Dictionary* (10th ed). "In" is a preposition meaning "under or based on the law of." *Id.* In the context of a property dispute, "interest" means "a legal share in something; all or part of a legal or equitable claim to or right in property." *Id.*

Michigan courts have long held that leaseholds manifestly are "interests," in that they are "part of a legal . . . claim to or right in property." See *Adams Outdoor Advertising v City of East Lansing*, 463 Mich 17, 33; 614 NW2d 634 (2000) (KELLY, J., concurring) ("leases are interests in real property"); *In re Park Site on Private Claim 16, Detroit*, 247 Mich 1, 4; 225 NW 498 (holding the Belle Isle Coliseum Company's "leasehold interest" in land condemned by the City of Detroit to be a taking); and *Lookholder v State Hwy Comm'r*, 354 Mich 28, 35; 91 NW2d 834 (1958) ("the settled rule in Michigan [is] that a leasehold, and the rights derived from a leasehold, constitute 'property' for the taking of which just compensation must be made or secured"). Most importantly, for the purposes of our case, "the word 'interest' as applied to land embraces and includes leasehold interests and rights derived therefrom." *Lookholder*, 354 Mich at 36.

Therefore, as used in MCL 205.735a(6), "party in interest" refers to a person or entity with a property interest[9] in the property being assessed. As "parties in interest" under the statute, persons or entities with a property interest in the property being assessed may directly appeal the assessment to the Tax Tribunal. MCL 205.735a(4).

---

[7] *Jefferson Sch*, 154 Mich App at 397.

[8] We also believe *Walgreen Co*'s holding that the term "party in interest" as used in MCL 205.735(3) has no relation to the standing-related term "real party in interest" used in MCR 2.201(B) should be applied to the use of "party in interest" in MCL 205.735a(6). *Walgreen Co*, 280 Mich App at 65. The Legislature chose to place MCL 205.753a in the same statutory framework as MCL 205.735(3), which indicates that they intended "party in interest" to have the same definition in each subsection of the statute. See *Manuel v Gill*, 481 Mich 637, 650; 753 NW2d 48 (2008) (holding that a court interprets a statute's "words in their context and with a view to their place in the overall statutory scheme") (citations omitted).

[9] Again, "property interest" is defined as: "a legal share in something; all or part of a legal or equitable claim to or right in property." *Black's Law Dictionary* (10th ed).

Grand Rapids makes two well-taken arguments against this interpretation of MCL 205.735a(6), but both must nonetheless be rejected. The city points to the GPTA's strict requirements on which parties may appear before the board of review, and suggests that a similarly limited approach—i.e., one where a "party in interest" must be a property owner or his agent—is a proper reading of this new section of the TTA. But this interpretation ignores MCL 205.735a's legislative background, which stated an intent to remove procedural and formalistic obstacles from appeals on tax-assessment of commercial property. Barring a large leaseholder tenant—which, ultimately, is the actual entity that bears the financial burden of the tax—from contesting the assessment does not effectuate these aims. And, in any event, had the Legislature wanted to use the more stringent jurisdictional limitation language from the GPTA, it was free to do so. The fact that it did not militates against a statutory interpretation that imports the GPTA's definitions to the TTA.[10]

We are also unconvinced that interpreting MCL 205.735a to allow commercial leaseholders to contest assessments before the tribunal will open the floodgates to meritless actions. Business tenants are adept at negotiating with their landlord and co-tenants—and would do so over which party was best situated to contest the assessment. Furthermore, the tribunal may consolidate cases if multiple leaseholders challenge an assessment. In other words, ruling that a commercial leaseholder is a "party in interest," and thus is allowed to contest an assessment before the Tax Tribunal, does not "invite all kinds of appeals by political activist groups, by numerous tax-levying units of local government, and perhaps by disgruntled neighbors." *Jefferson Sch*, 154 Mich App at 397. Instead, it gives business entities the streamlined method to protest a property-tax assessment envisioned by the Legislature's enactment of MCL 205.735a.

### 3. APPLICATION

Here, Family Fare is a "party in interest" per MCL 205.735a(6). It has a leasehold—a property interest, i.e., "a legal share in something; all or part of a legal or equitable claim to or right in property"[11]—in the shopping center, which was assessed by Grand Rapids and is the subject of this dispute. Accordingly, it is a "party in interest" under MCL 205.735a(6), and it may invoke the Tax Tribunal's jurisdiction under MCL 205.731(a) to dispute Grand Rapids' tax assessment of the shopping center.

The same cannot be said of Spartan, Family Fare's ultimate owner.[12] While Spartan, as Family Fare's corporate parent, certainly has a *financial* interest in the tax assessment of the shopping center, it does not have a *property* interest in the assessment of the shopping center. It

---

[10] See *Mich Ed Ass'n v Secretary of State (On Rehearing)*, 489 Mich 194, 217–219; 801 NW2d 35 (2011) (noting the absence of a specific remedy from statute indicated that Legislature did not intend for that remedy to be provided).

[11] *Black's Law Dictionary* (10th ed).

[12] As noted, Family Fare is a wholly owned subsidiary of Seaway Food Towns, Inc., which is in turn a wholly owned subsidiary of Spartan Stores.

does not own the property—Breton Meadows does. And it did not sign the lease—Family Fare did.[13] Because Spartan lacks a property interest in the shopping center, it is not a "party in interest" under MCL 205.735a(6), and it cannot protest the assessment of the shopping center directly before the Tax Tribunal.

## V. CONCLUSION

Accordingly, we hold that Family Fare, as a party with a property interest in the property being assessed, is a "party in interest" under MCL 205.735a(6), and that the Tax Tribunal has jurisdiction over its appeal. The tribunal's grant of summary disposition to respondent under MCR 3.116(C)(4) is therefore reversed, and we remand for proceedings consistent with this opinion. We do not retain jurisdiction.

Reversed and remanded.

/s/ Henry William Saad
/s/ Donald S. Owens
/s/ Kirsten Frank Kelly

---

[13] Again, Family Fare and Spartan are separate corporate entities. Spartan unconvincingly argues that we should disregard this formal separation because: (1) the businesses share a headquarters address and high-level management staff; and (2) Family Fare is "simply another brand, a 'retail banner'" of Spartan. In other words, Spartan asks us to ignore the corporate form because it is inconvenient for Spartan's current interests to acknowledge that the two businesses are distinct entities. This approach contravenes Michigan law, which states:

> [i]t is a well-recognized principle that separate corporate entities will be respected. Michigan law presumes that, absent some abuse of corporate form, parent and subsidiary corporations are separate and distinct entities. This presumption, often referred to as a 'corporate veil,' may be pierced only where an otherwise separate corporate existence has been used to 'subvert justice or cause a result that is contrary to some other clearly overriding public policy. [*Seasword v Hilti*, Inc, 449 Mich 542, 547–548; 537 NW2d 221 (1995) (internal citations omitted).]

Consistent with Michigan law, the separate corporate forms of Spartan and Family Fare must be respected.