STATE OF MICHIGAN
COURT OF APPEALS

JMC I, LLC and 1642 BROADWAY, LLC,

        Petitioners-Appellants,

v

CITY OF GRAND RAPIDS,

        Respondent-Appellee.

UNPUBLISHED
May 12, 2015

No. 320483
Tax Tribunal
LC No. 00-435449

Before: BOONSTRA, P.J., and SAAD and MURRAY, JJ.

PER CURIAM.

Petitioners appeal from an order of the Michigan Tax Tribunal (MTT), entered as a consent judgment stipulating to the true cash value, state equalized value, and taxable value of the subject property for the tax year 2012. Petitioners do not appeal the stipulated values for the 2012 tax assessment and valuation. Rather, they focus on the following three previous related decisions of the MTT: (1) its denial of a January 14, 2014 motion to amend an April 24, 2013 motion to amend; (2) its August 15, 2013 order vacating its May 31, 2013 order granting the April 24, 2013 motion to amend; and (3) its September 17, 2013 order denying a motion for reconsideration of the August 15, 2013 order. We affirm.

I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 2012, the subject property, 1642 Broadway NW, was owned by petitioner JMC I, LLC (JMC) and classified as industrial property. In May 2012, Property Tax Consultants (PTC) filed a petition on behalf of JMC challenging respondent's 2012 assessment and valuation of the subject property. In December 2012, JMC sold the property to petitioner 1642 Broadway, LLC (Broadway). On April 24, 2013, PTC, again on behalf of JMC (as the only petitioner), filed a motion to amend the petition to add the 2013 tax year. The MTT initially granted this motion. However, PTC then moved the MTT (again on behalf of JMC) on June 14, 2013 to add Broadway as a party for purposes of the 2013 tax year (and for the first time informed the MTT that JMC had sold the property). The MTT responded by issuing orders holding the June motion in abeyance and giving JMC 21 days to submit information on any relationship between JMC and Broadway that would show that JMC was an interested party with standing to challenge the 2013 tax year assessment. When JMC failed to provide the requested information, the MTT vacated its original order granting the April 24, 2013 motion, and issued orders denying the April motion and the motion to add Broadway as a party to the petition challenging the 2012 tax

-1-

assessment. The MTT subsequently denied petitioners' motion for reconsideration, as well as a motion for leave to amend the April motion. PTC and respondent signed a stipulation for entry of consent judgment regarding the assessment and valuation of the subject property for 2012, which later was adopted by the consent judgment entered by the MTT. This appeal followed.

## II. RESPONDENT'S JURISDICTIONAL CHALLENGE

We first turn to respondents' challenge to this Court's jurisdiction over the instant appeal on the grounds that MCL 205.745 prohibits review of consent judgments. It is true that consent judgments normally are not appealable unless they expressly preserve an issue for appeal. See, e.g., *Dora v Lesinski*, 351 Mich 579, 582; 88 NW2d 592 (1958); *Field Enterprises v Dep't of Treasury*, 184 Mich App 151, 153; 457 NW2d (1990). It is also true that petitioners did not expressly preserve an issue for appeal, object to the final order, or try to amend the judgment to provide for preservation of an issue. However, the consent judgment was issued after the parties signed their stipulation regarding the 2012 assessment, which was the only tax year in contention at the time. Petitioners assert that they did not stipulate to the provision in the consent judgment indicating that all pending motions were denied as moot; indeed this provision is not found in the written stipulation underlying the consent judgment. A stipulation "is to be read and construed in the light surrounding the circumstances and the whole record," and it is not to "so construed as to give the effect of waiver of a right not plainly intended to be relinquished." *Whitley v Chrysler Corp*, 373 Mich 469, 474; 130 NW2d 26 (1964). Review of the record clearly indicates that nothing in the stipulation underlying the consent judgment addressed the 2013 tax year or indicates that petitioners intended to relinquish their right to appeal the MTT's decision not to take jurisdiction over the 2013 tax year or consent to any provision in the consent judgment that effectually foreclosed their right to appeal that decision. We therefore conclude this Court has jurisdiction over petitioners' appeal.

## III. MTT'S JURISDICTION OVER 2013 TAX YEAR

Petitioners argue that they properly invoked the MTT's jurisdiction over the 2013 tax year when they filed their April 24, 2013 motion to amend the petition. We disagree. "In the absence of fraud, review of a decision by the Tax Tribunal is limited to determining whether the tribunal erred in applying the law or adopted a wrong principle; its factual findings are conclusive if supported by competent, material, and substantial evidence on the whole record." *Michigan Bell Tel Co v Dep't of Treasury*, 445 Mich 470, 476; 518 NW2d 808 (1994).

The MTT has "exclusive and original jurisdiction over . . . [a] proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization . . . ." MCL 205.731. The jurisdiction of the MTT in an assessment dispute involving property classified as commercial real property or industrial real property "is invoked by a party in interest, as petitioner, filing a written petition on or before May 31 of the tax year involved." MCL 205.735a(6).

This Court has held that a "party in interest" under MCL 205.735a(6) is not the same as a party with standing under the common law, or a "real party in interest" under MCR 2.201(B). *Spartan Stores, Inc v City of Grand Rapids*, 307 Mich App 565, 571 n 5, 573-574 n 6; ___

-2-

NW2d ___ (2014).  Rather, parties in interest under MCL 205.735a(6) are persons or entities with a property interest in the property being assessed.  *Id*. at 575.  A property interest is defined as " '[a] legal share in something; all or part of a legal or equitable claim to or right in property.' "  *Id*. at 575 n 9, quoting *Black's Law Dictionary* (10th ed), p 934.  Having sold the property in 2012, JMC did not have a property interest in the subject property in 2013, and therefore was not a party in interest eligible to invoke the MTT's jurisdiction over the 2013 tax year under MCL 205.735a(6).  Once the MTT discovered that JMC did not own the property in 2013 and was not otherwise an interested party (and therefore could not invoke the MTT's jurisdiction for the 2013 tax year), it acted correctly in vacating its order adding the 2013 tax year to JMC's petition.

## IV.  DENIAL OF MOTION TO AMEND

Petitioners also argue that the MTT abused its discretion when it denied their motion for leave to amend the April 24, 2013 motion.  We disagree.  We review the denial or grant of a motion to amend for an abuse of discretion.  *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997).  A court has not abused its discretion if its decision results in an outcome within the range of principled outcomes.  *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

The gravamen of petitioners' argument is that pursuant to the Tax Tribunal Rules (TTR) and the Michigan Rules of Court, justice demands that the MTT exercise its discretion to grant the motion to amend.  When this case was decided, TTR 219 provided in relevant part that "[p]arties may be added or dropped by order of the tribunal on its own initiative or on motion of any interested party at any stage of the contested case and according to terms that are just."  TTR 225 provided that "[a] party may amend or supplement its pleading . . . by leave of the tribunal," and MCR 2.118(A)(2) provides that leave should be freely granted where justice so requires.  Petitioners contend that this is a case where justice requires the free and liberal granting of leave to amend and supplement a motion because, otherwise, Broadway will have to pay twice the property tax on the subject property for 2013 as was paid for 2012.

Petitioners' request amounts to a second motion for reconsideration of a twice-denied motion.  Broadway first appeared before the MTT in June 2013, six months after it purchased the subject property, and two weeks after the deadline for challenging the 2013 assessment and valuation.  Petitioners cite no authority giving the MTT power to rule in a manner that would circumvent the statutory deadline for filing a petition, MCL 205.735a(6), or adding a subsequent year to a pending petition, MCL 205.737(4), when the petitioner failed to meet the deadlines because of error on the part of its representative.  The effect of petitioners' request to this Court to vacate the order denying the April 24, 2013 motion to amend, would be to relate the June 14, 2013 addition of Broadway (if effective) back to April 24, 2013.  Ordinarily, an amendment that adds a new party does not relate back, *Employers Mut Cas Co v Petroleum Equip, Inc*, 190 Mich App 57, 63; 475 NW2d 418 (1991), and petitioners cite no authority that would allow the MTT, or require this Court to compel the MTT, to grant a motion effectively circumventing both the

relation-back doctrine and the statutory deadlines governing the MTT's exercise of jurisdiction.[1] For these reasons, the MTT's decision not to exercise jurisdiction over the 2013 tax year was not outside the range of principled outcomes. *Maldonado*, 476 Mich at 388.

Affirmed.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Christopher M. Murray

---

[1] Petitioners' reliance on the "misnomer doctrine" is misplaced. The misnomer doctrine allows a party "to correct inconsequential deficiencies or technicalities in the naming of parties." *Miller v Chapman Contracting*, 477 Mich 102, 106-107; 730 NW2d 462 (2007). However, the law is clear that the misnomer doctrine is inapplicable where, as here, a party seeks to substitute or add a wholly new and different party to the proceedings. *Id*. at 107. Here, JMC's motion sought add a new party to its (invalid) challenge to the 2013 tax year assessment in order to retroactively grant that challenge validity. Such an action is far beyond the scope of the misnomer doctrine. *Id*.