*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ARNOLD D. DUNCHOCK,

Petitioner-Appellant,

UNPUBLISHED
September 10, 2019

v

No. 343265
Tax Tribunal

CITY OF CORUNNA,

LC No. 17-004635-TT

Respondent-Appellee.

Before: SWARTZLE, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

Arnold D. Dunchock, a former attorney, lost two parcels in downtown Corunna to foreclosure. Although Dunchock filed a series of lawsuits against the city, he waited until the foreclosure judgment was final to appeal several years of property valuations to the Michigan Tax Tribunal (MTT). The MTT dismissed Dunchock's appeal because he no longer had an interest in the property, divesting the tribunal of jurisdiction. We affirm.

## I. BACKGROUND

Dunchock's wife, Dianne, and his corporation, ADD Land, owned a building situated on two parcels—223 and 225 North Shiawassee Street—in the city of Corunna. The Dunchocks believed that the city artificially inflated the properties' values to increase the tax burden. From 2014 through 2017, the Dunchocks failed to pay the property taxes and filed a series of unsuccessful lawsuits against the city in circuit court. See *Dunchock v City of Corunna*, unpublished per curiam opinion of the Court of Appeals, issued November 14, 2017 (Docket No. 335721); *Dunchock v City of Corunna*, unpublished per curiam opinion of the Court of Appeals, issued May 29, 2018 (Docket No. 338680). They also allowed the building to become dilapidated and dangerous.

The Michigan Department of Treasury secured a tax foreclosure against Dianna and ADD Land on February 10, 2017. In March 2017, Dunchock unsuccessfully contested the assessed tax values of the properties before the city's Board of Review. On March 31, 2017, absolute title vested with the state because the Dunchocks failed to redeem the properties. Dunchock waited until May 31, 2017 to file a petition with the MTT to appeal the assessed property tax values. The MTT determined that it lacked jurisdiction under MCL 205.735a(6) because Dunchock was not a "party in interest" as he no longer had a property interest in the subject parcels.

## II. DISCUSSION

"Absent fraud, [our] review of [an MTT] decision is limited to determining whether the tribunal made an error of law or adopted a wrong legal principle." *Meijer, Inc v City of Midland*, 240 Mich App 1, 5; 610 NW2d 242 (2000). "The [MTT's] factual findings are final if they are supported by competent, material, and substantial evidence on the whole record." *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012). We review de novo the MTT's interpretation of a tax statute, deferring to the MTT's interpretation unless the MTT has made a legal error. *SBC Health Midwest, Inc v City of Kentwood*, 500 Mich 65, 70-71; 894 NW2d 535 (2017). "Whether the MTT has jurisdiction is a question of law that we review de novo." *Kasberg v Ypsilanti Twp*, 287 Mich App 563, 566; 792 NW2d 1 (2010).

The MTT derives its jurisdiction from statute. *Electronic Data Sys Corp v Flint Twp*, 253 Mich App 538, 542-543; 656 NW2d 215 (2002). "The jurisdiction of the [MTT] in an assessment dispute as to property classified . . . as commercial real property . . . is invoked by a party in interest, as petitioner, filing a written petition on or before May 31 of the tax year involved." MCL 205.735a(6). "[A] 'party in interest' under MCL 205.735a(6) includes persons or entities with a *property* interest in the property being assessed." *Spartan Stores, Inc v Grand Rapids*, 307 Mich App 565, 567; 861 NW2d 347 (2014) (emphasis in original). Contrary to Dunchock's insistence, this is not an issue of standing. The "common-law doctrine of standing" and "the standing-related term 'real party in interest' used in MCR 2.201(B)" are inapplicable when considering whether a person is a "party in interest" as defined in the jurisdictional provisions of the tax code. *Spartan Stores*, 307 Mich App at 573-574 nn 6, 8.

Neither Dunchock, Dianne, nor ADD Land were "part[ies] in interest" because they no longer owned the assessed properties. The notices of judgment of foreclosure required redemption by March 31, 2017. The Dunchocks did not redeem the properties and the foreclosures became final on that date. Once the foreclosures became final, "fee simple title . . . vest[ed] absolutely" in the state. See *In re Petition by Wayne Co Treasurer*, 478 Mich 1, 6-7, 7 n 10; 732 NW2d 458 (2007); MCL 211.78k(6). Therefore, as of March 31, 2017, Dunchock did not have any interest in the properties, was not a party in interest, and could not file an MTT appeal. The MTT properly dismissed the appeal for lack of jurisdiction.

Dunchock additionally contends that the foreclosure amounted to an unconstitutional taking and that the MTT's refusal to hold a hearing deprived him of due process of law. However, the MTT could not conduct a hearing where it did not have jurisdiction. And the MTT

does not have jurisdiction to rule on constitutional issues, such as a takings claim. *Meadowbrook Village Assocs v Auburn Hills*, 226 Mich App 594, 596; 574 NW2d 924 (1997).

We affirm.

/s/ Brock A. Swartzle
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly