MOSHIER v WHITEWATER TOWNSHIP

Docket No. 272617. Submitted November 15, 2007, at Lansing. Decided December 20, 2007, at 9:00 a.m.

Daniel C. Moshier petitioned the Tax Tribunal to review a decision by Whitewater Township to treat as a "transfer of ownership" the petitioner's receipt from his mother by quitclaim deed of the mother's entire interest in the subject real property, permitting the taxable value of the subject real property to be uncapped and reassessed pursuant to MCL 211.27a(3). The petitioner argued that the transfer was not a "transfer of ownership" because it fit within the uncapping exemption created by MCL 211.27a(h). The property was deeded to the petitioner's parents as tenants by the entirety in 1987, and the parents granted a quitclaim deed to the property to themselves and the petitioner as joint tenants with rights of survivorship shortly before the December 29, 1994, effective date of the statutory provisions that provided the capping mechanism and the exceptions thereto. The petitioner's father died on January 29, 1995, and on March 27, 2003, the petitioner's mother quitclaimed her entire interest to the petitioner. The Tax Tribunal ruled that the 2003 transfer was a "transfer of ownership" permitting the taxable value of the property to be uncapped and reassessed pursuant to § 27a(3) and that the exception provided in § 27a(7)(h) did not apply. The petitioner appealed from the order granting summary disposition in favor of the respondent.

The Court of Appeals *held*:

Section 27a(7)(h) provides that a transfer between two or more persons that creates or terminates a joint tenancy will not constitute a "transfer of ownership" within the meaning of § 27a(3) if at least one of the persons involved in the transfer was an original owner of the property before the tenancy was created and, if the property was held as a joint tenancy at the time of the transfer, at least one of the persons involved in the transfer was a joint tenant at the time the joint tenancy was originally created and has remained a joint tenant since that time. The 2003 transfer meets both of these requirements. The petitioner was entitled to summary disposition in his favor.

Reversed.

TAXATION — REAL PROPERTY — JOINT TENANCIES — WORDS AND PHRASES — TRANSFER OF OWNERSHIP.

A transfer of real property between two or more persons that creates or terminates a joint tenancy in the property does not constitute a "transfer of ownership," which would permit the taxable value of the property to be uncapped and reassessed, where at least one of the persons involved in the transfer was an original owner of the property before the tenancy was created and, if the property was held as a joint tenancy at the time of the transfer, at least one of the persons involved in the transfer was a joint tenant at the time the joint tenancy was originally created and has remained a joint tenant since that time (MCL 211.27a[3], [7][h]).

*Varnum Riddering Schmidt & Howlett LLP* (by *Eric M. Nemeth, Paul V. McCord,* and *Brion B. Doyle*) for the petitioner.

*Derman & Turkelson* (by *Michael J. Turkelson*) for the respondent.

Before: DONOFRIO, P.J., and HOEKSTRA and MARKEY, JJ.

PER CURIAM. In this dispute regarding the taxation of real property, petitioner Daniel C. Moshier appeals as of right an order of the Michigan Tax Tribunal denying his motion for summary disposition and granting summary disposition in favor of respondent Whitewater Township. The tribunal ruled that a transfer to petitioner of the joint interest of his mother constituted a "transfer of ownership" permitting the taxable value of the property to be uncapped and reassessed pursuant to MCL 211.27a(3). Because we conclude that the transfer at issue involved a transaction exempt from the provisions of MCL 211.27a(3) under MCL 211.27a(7)(h), we reverse.

I. BASIC FACTS AND PROCEDURAL HISTORY

Petitioner's parents acquired title to the subject property by deed and as tenants by the entirety in 1987. The Michigan electorate subsequently adopted the "Proposal A" amendment to Const 1963, art 9, § 3 at a special election held on March 15, 1994. As amended by Proposal A, this constitutional provision limits increases in property taxes, absent a transfer in ownership, "by capping the amount that the 'taxable value' of the property may increase each year, even if the 'true cash value,' that is, the actual market value, of the property rises at a greater rate." *WPW Acquisition Co v City of Troy*, 466 Mich 117, 122; 643 NW2d 564 (2002).

To effectuate the Proposal A amendment, the Legislature revised the relevant portions of the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, effective December 29, 1994. See 1994 PA 415. In doing so, the Legislature codified the crux of the constitutional amendment as § 27a(3) of the GPTA, which provides that "[u]pon a *transfer of ownership* of property after 1994, the property's taxable value for the calendar year following the year of the transfer is the property's state equalized valuation for the calendar year following the transfer." MCL 211.27a(3) (emphasis added). The Legislature additionally set forth those conveyances and transfers that will, MCL 211.27a(6), and will not, MCL 211.27a(7), constitute a "transfer of ownership" for purposes of MCL 211.27a(3).[1]

---

[1] MCL 211.27a(6) defines "transfer of ownership" as "the conveyance of title to or a present interest in property, including the beneficial use of the property, the value of which is substantially equal to the value of the fee interest." The subsection also sets forth a nonexhaustive list of those conveyances deemed by the Legislature to fall within this definition. See MCL 211.27a(6)(a)-(j).

Shortly before the effective date of these revisions, petitioner's parents granted a quitclaim deed to the subject property to themselves and petitioner "as joint tenants with rights of survivorship." Petitioner's father subsequently died on January 29, 1995, and on March 27, 2003, petitioner's mother quitclaimed her entire interest in the subject property to petitioner. Viewing the latter of these transactions as a "transfer of ownership" permitting the taxable value of the property to be uncapped and reassessed pursuant to MCL 211.27a(3), respondent notified petitioner that the property's taxable value would be uncapped and reassessed beginning with the 2004 tax year. Petitioner appealed this decision to the Tax Tribunal and sought summary disposition on the ground that the conveyance was exempt from the provisions of MCL 211.27a(3) under MCL 211.27a(7)(h), which excludes certain transfers creating or terminating a joint tenancy. Respondent disagreed and sought summary disposition in its own favor, asserting that the transfer failed to meet the requirements of MCL 211.27a(7)(h). The tribunal agreed with respondent's view of the transaction and granted summary disposition in favor of respondent, ruling that "the circumstances surrounding the establishment of the joint tenancy preclude [p]etitioner from utilizing the uncapping exemption created by MCL 211.27a(7)(h)," which required that he possess an ownership interest in the property before the creation of the joint tenancy. This appeal followed.

## II. ANALYSIS

Petitioner argues that the tribunal erred in failing to conclude that the 2003 conveyance by his mother qualified for the exemption provided in MCL 211.27a(7)(h) and that respondent could not, therefore, uncap and

reassess the property's taxable value. Although this Court's review of a decision by the Tax Tribunal is generally limited to determining whether the tribunal erred in applying the law or adopted a wrong principle, *Michigan Bell Tel Co v Dep't of Treasury*, 445 Mich 470, 476; 518 NW2d 808 (1994), to the extent resolution of the question presented requires that we construe the provisions of MCL 211.27a(7)(h), our review is de novo, *Cruz v State Farm Mut Automobile Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002). The grant or denial of a motion for summary disposition is similarly subject to review de novo on appeal. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

Our primary task in construing a statute is to discern and give effect to the intent of the Legislature. *Shinholster v Annapolis Hosp*, 471 Mich 540, 548-549; 685 NW2d 275 (2004). "To do so, we begin with the language of the statute, ascertaining the intent that may reasonably be inferred from its language." *Lash v Traverse City*, 479 Mich 180, 187; 735 NW2d 628 (2007). When the plain and ordinary language of a statute is unambiguous, the Legislature's intent is clear and judicial construction is neither necessary nor permitted. *Id.*; *Shinholster, supra* at 549. Rather, the statute "must be enforced as written." *Title Office, Inc v Van Buren Co Treasurer*, 469 Mich 516, 519; 676 NW2d 207 (2004).

MCL 211.27a(7)(h) provides, in relevant part, that a "transfer of ownership" permitting reassessment of real property pursuant to MCL 211.27a(3) does not include

> [a] transfer creating or terminating a joint tenancy between 2 or more persons if at least 1 of the persons was an original owner of the property before the joint tenancy was initially created and, if the property is held as a joint tenancy at the time of conveyance, at least 1 of the persons was a joint tenant when the joint tenancy was initially

created and that person has remained a joint tenant since the joint tenancy was initially created. A joint owner at the time of the last transfer of ownership of the property is an original owner of the property.

Relying on State Tax Commission (STC) Bulletin No. 16 of 1995,[2] the tribunal concluded that in order to qualify for the exemption provided for under MCL 211.27a(7)(h), petitioner was required to show that

(i) there was a transfer creating or terminating a joint tenancy, (ii) he was an original owner of the property prior to the creation of the joint tenancy, and (iii) he maintained an interest in the joint tenancy at the creation of the joint tenancy and remained a joint tenant until the joint tenancy was terminated.

Although conceding that petitioner had shown that the first and third of these requirements were met, the tribunal found the exemption to be inapplicable to the circumstances of this case because petitioner was not an "original owner" of the property before the creation of the joint tenancy. On appeal, petitioner asserts that the tribunal's interpretation of the statute, which requires

---

[2] STC Bulletin No. 16 of 1995 provides the following "[g]eneral rule" regarding a conveyance of property held as a joint tenancy:

A property transfer which expands, shrinks, or terminates a joint tenancy is not a transfer of ownership if at least one of the persons was an *original owner* and became a joint tenant when the joint tenancy was originally created and that person has remained a joint tenant since the joint tenancy was originally created. [*Id.* at 16 (emphasis in original).]

It should be noted, however, that STC Bulletin No. 16 of 1995 does not have the force of law because it is not a properly promulgated administrative rule. *Danse Corp v Madison Hts*, 466 Mich 175, 181; 644 NW2d 721 (2002). Accordingly, the bulletin provides only guidance on those matters that will constitute a transfer of ownership under the STC's interpretation of the law. *Id.*; see also *Catalina Marketing Sales Corp v Dep't of Treasury*, 470 Mich 13, 21; 678 NW2d 619 (2004).

.

that title to the property vest in an "original owner," does not comport with the plain language of MCL 211.27a(7)(h).[3] We agree.

While we recognize that tax exemption statutes must generally be narrowly construed in favor of the taxing authority, *Nat'l Ctr for Mfg Sciences, Inc v City of Ann Arbor*, 221 Mich App 541, 546; 563 NW2d 65 (1997), and that this Court will generally defer "to the Tax Tribunal's interpretation of a statute that it is charged with administering and enforcing," *Michigan Milk Producers Ass'n v Dep't of Treasury*, 242 Mich App 486, 491; 618 NW2d 917 (2000), these rules do not "permit a strained construction adverse to the Legislature's intent," *Nat'l Ctr, supra* at 546; see also *Catalina Marketing Sales Corp v Dep't of Treasury*, 470 Mich 13, 23-24; 678 NW2d 619 (2004) (an administrative interpretation is not controlling and cannot overcome a statute's plain meaning). Because the tribunal's interpretation of MCL 211.27a(7)(h) as requiring that petitioner demonstrate that he is an "original owner" of the property does not comport with the legislative intent shown by the plain language of that statute, we reject its interpretation.

Although the language employed by MCL 211.27a(7)(h) is at first glance cumbersome, the statute, when carefully distilled, plainly provides that a transfer

---

[3] Petitioner also asserts that even if the statute did require that title to the property vest in an "original owner," the transfer at issue qualified for the exemption because, having acquired his joint interest in the property before the effective date of 1994 PA 415, he was arguably an "original owner" within the meaning of MCL 211.27a(7)(h). In referring to an "original owner," however, MCL 211.27a(7)(h) plainly speaks of an owner before the joint tenancy was created and not, as asserted by petitioner, before the effective date of the legislation enabling the Proposal A amendment to Const 1963, art 9, § 3. Thus, we find no merit in petitioner's argument regarding this point.

between two or more persons that creates or terminates a joint tenancy will not constitute a transfer of ownership within the meaning of MCL 211.27a(3) if (1) at least 1 of the persons involved in the transfer was an original owner of the property before the tenancy was created and, if the property was held as a joint tenancy at the time of the transfer, (2) *"at least 1 of the persons"* involved in the transfer was a joint tenant at the time the joint tenancy was originally created and has remained a joint tenant since that time.

The tribunal, by interpreting the latter of these requirements as requiring that title to the subject property vest in an "original owner," ignores the language emphasized above and, in doing so, impermissibly grafts onto the statute a requirement not contemplated by the statute's plain and unambiguous language. See *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 103; 693 NW2d 170 (2005) (provisions not included by the Legislature should not be included by the courts). Indeed, by use of the emphasized language, the statute expressly requires only that one of the persons involved in the transfer in question have been a joint tenant at the time the joint tenancy was originally created, and that this person have remained so since that time.

Here, it is not disputed that petitioner's mother was an original owner of the subject property. Thus, as conceded by the tribunal, the first of the requirements of MCL 211.27a(7)(h) is met. Because the undisputed facts additionally show that petitioner and his mother were both joint tenants at the time the joint tenancy at issue was created, the transfer in question also meets the second of the requirements for exemption under MCL 211.27a(7)(h) set forth above, i.e., that "at least 1 of the persons" involved in the transfer was a joint

tenant at the time the joint tenancy was originally created and has remained a joint tenant since that time. Petitioner, therefore, was entitled to summary disposition in his favor.

Reversed.