FERRERO v WALTON TOWNSHIP

Docket No. 302221. Submitted January 12, 2012, at Lansing. Decided
February 23, 2012, at 9:00 a.m.

Rhonda Ferrero paid property taxes on her home in 2008 and, when
filing her 2008 state income tax return in 2009, claimed a
homestead property tax credit pursuant to MCL 206.520. Because
Ferrero had no state income tax liability, the amount of the credit
against her property taxes paid could not be returned to her as a
reduction in her income tax. Therefore, pursuant to the mandates
of MCL 206.520(1), the sum was paid to her, without interest, after
she filed her 2008 income tax return in 2009. In 2009, Ferrero filed
an application with the Walton Township Board of Review, re-
questing an exemption from property taxes under MCL 211.7u on
the basis of poverty. The board of review denied the request. The
board of review considered Ferrero's 2008 homestead property tax
credit to be income, and when that income was added to the social
security disability income Ferrero received, Ferrero's total income
exceeded the maximum amount for her to be eligible for the
exemption. Ferrero filed a petition for review in the Michigan Tax
Tribunal, Small Claims Division, seeking a determination that
Walton Township had improperly treated the money petitioner
received in 2009 pursuant to MCL 206.520(1) as income for
purposes of her qualification for the property tax exemption under
MCL 211.7u. The Tax Tribunal affirmed the decision of the Walton
Township Board of Review. Ferrero appealed.

The Court of Appeals *held*:

A tax refund is not income because a refund returns money to
the taxpayer that need not have been paid. It is not an independent
payment to the taxpayer. The tax credit involved in this case
plainly functioned as a refund. The homestead property tax credit
does not confer income, nor is it a program to transfer new money
to individuals. The credit's function is to rebate a portion of the
property taxes a person has already paid. Because the money
received by plaintiff through the property tax credit was a tax
refund and refunds are not considered income, the Tax Tribunal
should not have counted this money toward petitioner's income.

When properly calculated, petitioner's income fell below the amount that would make her ineligible for the tax exemption.

Reversed and remanded.

OWENS, J., dissenting, stated that the homestead property tax credit is not a tax refund; rather, it is a refundable tax credit. Unlike a tax refund, for which the taxpayer has already overpaid or incorrectly paid the tax with his or her own money and is simply reclaiming the money that was erroneously paid out, a refundable tax credit pays a taxpayer from state funds a sum equal to a portion of, in this case, property taxes that were properly paid. As such, the homestead property tax credit is an age- and means-tested program to distribute money to recipients on the basis of their need and is not a refund of taxes incorrectly paid. Thus, the homestead property tax credit is income for purposes of calculating eligibility for the poverty exemption under MCL 211.7u. The judgment and order of the Tax Tribunal should have been affirmed.

1. TAXATION — TAX REFUNDS — TAX CREDITS — INCOME.

A tax refund is not income because a refund returns money to a taxpayer that need not have been paid; a tax refund is not an independent payment to a taxpayer; although there is a distinction between a tax refund and a tax credit, a tax credit can function like a tax refund in some cases; the homestead property tax credit does not confer income and is not a program that transfers new money to individuals; rather, it is intended to rebate a portion of the property taxes a person has already paid (MCL 206.520[3]).

2. TAXATION — HOMESTEAD PROPERTY TAX CREDIT — PROPERTY TAX EXEMPTIONS — POVERTY — INCOME.

When a person's homestead property tax credit exceeds the person's tax liability for the tax year or if there is no tax liability for the tax year, the amount of the credit not used as an offset against the tax liability must, after examination and review, be approved for payment, without interest, to the person; that payment is not counted as income for purposes of determining the person's qualification for an exemption from property taxes on the basis of poverty (MCL 205.520[3]; MCL 211.7u[1]).

*Michigan State University College of Law Tax Clinic* (by *Michele L. Halloran* and *Bridgette M. Austin*) for petitioner.

*Fahey Schultz Burzych Rhodes PLC* (by *William K. Fahey*) for respondent.

Before: BECKERING, P.J., and OWENS and SHAPIRO, JJ.

SHAPIRO, J. The single issue presented in this case is whether monies petitioner received in 2009 pursuant to MCL 206.520 should be counted as income for the purposes of her qualification for an exemption under MCL 211.7u for property taxes in 2009. Petitioner appeals as of right the decision of the Michigan Tax Tribunal (MTT) that the monies received should be treated as income for purposes of MCL 211.7u. We reverse and remand because monies received pursuant to MCL 206.520 are a rebate of property taxes paid and not income for purposes of MCL 211.7u.

I. BACKGROUND

Petitioner, 63 years old, has been permanently disabled since 1998. She owns a home and in 2008 paid property taxes. When filing her 2008 state income tax return in early 2009, petitioner claimed a homestead property tax credit pursuant to MCL 206.520. It is not disputed that her 2008 property taxes were paid and that she qualified to receive the homestead tax credit for 2008 pursuant to MCL 206.520. Because petitioner had no state income tax liability, the amount of the credit against her property taxes paid could not be returned to her as a reduction in her income tax. Pursuant to the mandates of subsection (3) of MCL 206.520, therefore, the sum, after examination and review, was paid to her, without interest, after she filed her 2008 income tax return in 2009.[1]

---

[1] MCL 206.520(3) provides that

In 2009, petitioner requested an exemption from property taxes under MCL 211.7u, which provides that persons with income below a defined poverty level during the relevant year are exempt from having to pay that year's property taxes. In order to qualify for the exemption for respondent Walton Township, the property owner's income must have been no more than $10,400.

For the 2009 tax year, petitioner received $9,732 in social security disability income. Thus, if her other income exceeded $668, she would be ineligible for the exemption. If it did not exceed $668, she would qualify for the exemption.[2] The Walton Township Board of Review (the Board) denied her application for the exemption because it considered her 2008 homestead property tax credit as income that, when added to her social security disability income, placed her above the $10,400 limit. Petitioner appealed the denial in the Michigan Tax Tribunal, Small Claims Division, which affirmed the Board's denial.

## II. STANDARD OF REVIEW

"In the absence of fraud, review of a decision by the Tax Tribunal is limited to determining whether the tribunal erred in applying the law or adopted a wrong principle; its factual findings are conclusive if supported by competent,

_____

[i]f the credit claimed under this section . . . exceeds the tax liability for the tax year or if there is no tax liability for the tax year, the amount of the claim not used as an offset against the tax liability shall, after examination and review, be approved for payment, without interest, to the claimant. In determining the amount of the payment under this subsection, withholdings and other credits shall be used first to offset any tax liabilities.

[2] Plaintiff also received $564 in food-stamp assistance. However, it is not disputed that food-stamp assistance does not qualify as income for purposes of the exemption.

material, and substantial evidence on the whole record."
*Mich Bell Tel Co v Dep't of Treasury*, 445 Mich 470, 476;
518 NW2d 808 (1994).

Issues of statutory interpretation are questions of law
that are reviewed de novo. *Brown v Detroit Mayor*, 478
Mich 589, 593; 734 NW2d 514 (2007). The primary goal of
statutory interpretation is to give effect to the Legisla-
ture's intent, focusing first on the statute's plain language.
*Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d
119 (1999). "The words of a statute provide 'the most
reliable evidence of its intent . . . .' " *Id.*, quoting *United
States v Turkette*, 452 US 576, 593; 101 S Ct 2524; 69 L Ed
2d 246 (1981). When construing a statute, a court must
read it as a whole. *People v Jackson*, 487 Mich 783, 791; 790
NW2d 340 (2010). [*Klooster v City of Charlevoix*, 488 Mich
289, 295-296; 795 NW2d 578 (2011).]

### III. ANALYSIS

The homestead property tax exemption for persons
unable to pay because of poverty is governed by MCL
211.7u, which provides, in pertinent part:

> (1) The principal residence of persons who, in the
> judgment of the supervisor and board of review, by reason
> of poverty, are unable to contribute toward the public
> charges is eligible for exemption in whole or in part from
> taxation under this act. This section does not apply to the
> property of a corporation.

While State Tax Commission (STC) bulletins are not
binding,[3] the STC has defined income as including
wages and salaries, net receipts from self-employment,
regular payments from social security or public assis-
tance, alimony, pensions, scholarships, and dividends
and interest. STC Bulletin No. 5 of 1995, Poverty

---

[3] *Moshier v Whitewater Twp*, 277 Mich App 403, 408 n 2; 745 NW2d 523
(2007).

Exemptions Under MCL 211.7[u], New Requirements, January 23, 1995.[4]

A tax refund is not income because a refund returns money to the taxpayer that need not have been paid; it is not an independent payment to the taxpayer. Although there is a distinction between a tax refund and a tax credit, a tax credit can function like a tax refund in some cases. *Universal Oil Prod Co v Campbell*, 181 F2d 451, 478 (CA 7, 1950) (concluding that "tax credits . . . do amount to refunds of the taxes . . . paid").[5]

The tax credit involved here plainly functions as a refund. As held in *Butcher v Dep't of Treasury*, 425 Mich 262, 275; 389 NW2d 412 (1986), "[u]nlike the federal government, the state is not exempting certain property taxes from the base of the tax; rather, it is refunding them." The *Butcher* Court further explained that "[t]he property tax 'credit' . . . is in effect a *property tax rebate* that employs the income tax as a vehicle for its reconciliation. Therefore, Const 1963, art 9, § 7, which is concerned only with income taxes, is inapplicable to what is *clearly a property tax rebate*." *Id.* at 276 (emphasis added); see also *In re Request for Advisory Opinion Regarding Constitutionality of 2011 PA 38*, 490 Mich 295, 344; 806 NW2d 683 (2011).

The homestead property tax credit does not confer income, nor is it a program to transfer new monies to individuals; rather, as *Butcher* makes clear, it functions

---

[4] A new bulletin on this topic was released in 2010. STC Bulletin No. 7 of 2010, Poverty Exemption, May 24, 2010. Its definition of income is consistent with the 1995 bulletin.

[5] The hearing referee's proposed opinion cites page 5 of Bulletin No. 5 of 1995 as the sole authority for its holding that "Petitioner's homestead property *tax refund* credit shall be counted as available income." (Emphasis added.) Page 5 of the bulletin contains no such statement, however. Indeed, the bulletin actually states, on page 6, that "[i]ncome does <u>not</u> include . . . [t]ax refunds . . . ."

to rebate a portion of the property taxes a person has already paid. This is easily seen in the context of a taxpayer whose income tax liability exceeds the amount of the homestead credit for which the taxpayer qualifies. In such a case, the taxpayer does not receive a refund check; rather, the taxpayer receives a rebate in the form of an equivalent reduction in the amount of income tax due. The amount of money received and the basis on which it is received is identical whether it is received as a reduction in the income taxes due or a payment of the amount of the rebate that exceeds the individual's income tax liability.

Because the $1,093 received by petitioner through the property tax credit was in fact a tax refund and refunds are not considered income, the MTT should not have counted this money toward petitioner's income.[6] When petitioner's income is properly calculated, it falls below the threshold amount that would make her ineligible for the poverty exemption.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

BECKERING, P.J., concurred with SHAPIRO, J.

OWENS, J. (*dissenting*). I respectfully dissent from the majority's opinion stating that the Michigan Tax Tri-

---

[6] The hearing referee's proposed opinion and judgment (which the MTT adopted) noted that there was evidence that petitioner had other unreported income. However, that evidence was disputed, and the findings of fact set forth by the referee plainly do not include any finding that petitioner actually received unreported income or, if so, how much. The MTT's final opinion bases its ruling solely on its conclusion that "when adding Petitioner's 2008 property tax credit to Petitioner's 2009 Social Security income, Petitioner's annual household income exceeds the $10,400 threshold established by Respondent." MTT Final Opinion and Judgment, ¶ 4, p 3. We decline to uphold the MTT's ruling on the basis of disputed allegations, the evidence of which the MTT itself did not find convincing enough to include in its official findings of fact.

bunal (MTT) erred when it concluded that the money received from a property tax credit under Michigan's homestead property tax credit, MCL 206.520(1), should be treated as income for purposes of petitioner's qualification for a poverty exemption from property taxes. I agree with the decision of the MTT and would affirm the denial of petitioner's poverty exemption.

In reviewing a decision of the MTT, we consider " 'whether the tribunal erred in applying the law or adopted a wrong principle.' " *Klooster v City of Charlevoix*, 488 Mich 289, 295; 795 NW2d 578 (2011) (citation omitted). Findings of fact are taken as final as long as they are supported by more than a scintilla of evidence. *Fairplains Twp v Montcalm Co Bd of Comm'rs*, 214 Mich App 365, 372; 542 NW2d 897 (1995). Resolution of this appeal involves a question of statutory interpretation, which we review de novo. *Klooster*, 488 Mich at 295.

"In general, tax [exemption] statutes must be strictly construed in favor of the taxing authority." *Mich United Conservation Clubs v Lansing Twp*, 423 Mich 661, 664; 378 NW2d 737 (1985). With regard to interpreting statutory exemptions:

> " 'An intention on the part of the legislature to grant an exemption from the taxing power of the State will never be implied from language which will admit of any other reasonable construction. Such an intention must be expressed in clear and unmistakable terms, or must appear by necessary implication from the language used, for it is a well-settled principle that, when a specific privilege or exemption is claimed under a statute, . . . it is to be construed strictly against the property owner and in favor of the public. This principle applies with peculiar force to a claim of exemption from taxation. Exemptions are never presumed, the burden is on a claimant to establish clearly his right to exemption[.] . . . In other words, . . . taxation is

the rule, and exemption the exception . . . . Moreover, if an exemption is found to exist, it must not be enlarged by construction, since the reasonable presumption is that the State has granted in express terms all it intended to grant at all . . . .' " [*Stege v Dep't of Treasury*, 252 Mich App 183, 189; 651 NW2d 164 (2002), quoting *Guardian Indus Corp v Dep't of Treasury*, 243 Mich App 244, 249-250; 621 NW2d 450 (2000), quoting *Detroit v Detroit Commercial College*, 322 Mich 142, 148-149; 33 NW2d 737 (1948), quoting 2 Cooley, Taxation (4th ed), § 672, p 1403.]

The property tax exemption for persons unable to pay because of poverty is governed by MCL 211.7u, which provides, in relevant part:

(1) The principal residence of persons who, in the judgment of the supervisor and board of review, by reason of poverty, are unable to contribute toward the public charges is eligible for exemption in whole or in part from taxation under this act. . . .

(2) To be eligible for exemption under this section, a person shall do all of the following on an annual basis:

\* \* \*

(e) Meet the federal poverty guidelines updated annually in the federal register . . . or alternative guidelines adopted by the governing body of the local assessing unit provided the alternative guidelines do not provide income eligibility requirements less than the federal guidelines.

\* \* \*

(4) The governing body of the local assessing unit shall determine and make available to the public the policy and guidelines the local assessing unit uses for the granting of exemptions under this section. The guidelines shall include but not be limited to the specific income and asset levels of the claimant and total household income and assets.

Under the homestead property tax credit, MCL 206.520(1), "[s]ubject to the limitations and the definitions in this chapter, a claimant may claim against the tax due under this act for the tax year a credit for the property taxes on the taxpayer's homestead deductible for federal income tax purposes . . . ." MCL 206.520(3) allows the credit to be paid directly to the taxpayer if the credit exceeds the taxpayer's tax liability. *Butcher v Dep't of Treasury*, 141 Mich App 116, 122; 366 NW2d 15 (1984).

The homestead property tax credit is not a "tax refund" under MCL 205.30, which states, in part:

> (1) The department shall credit or refund an overpayment of taxes; taxes, penalties, and interest erroneously assessed and collected; and taxes, penalties, and interest that are found unjustly assessed, excessive in amount, or wrongfully collected with interest at the rate calculated under [MCL 205.23] for deficiencies in tax payment.

Respondent characterizes the homestead property tax credit as a "tax refund." Were this an actual tax refund, this money would not be used to calculate petitioner's income because it would merely be a return of petitioner's own money that had been improperly paid to the state.

However, the homestead property tax credit is not a "tax refund"; rather, it is a "refundable tax credit." Unlike a tax refund, for which the taxpayer has already overpaid or incorrectly paid the tax with his or her own money and is simply reclaiming the money that was erroneously paid out, a refundable tax credit pays a taxpayer from state funds a sum equal to a portion of, in this case, property taxes that were properly paid to a local government. As such, the homestead property tax credit is an age- and means-tested program to distribute money to recipients on the basis of their need, as

determined by the formulas in MCL 206.522, in order to ameliorate the burden of their homestead property taxes and is not a refund of taxes incorrectly paid. Thus, the homestead property tax credit is income for purposes of calculating eligibility for the poverty exemption under MCL 211.7u.

In sum, I would conclude that the MTT did not err by upholding respondent's denial of petitioner's request for a poverty exemption. Petitioner's income was properly calculated by including money she received from the Michigan homestead property tax credit.

I would affirm.