# STATE OF MICHIGAN

# COURT OF APPEALS

TALAMORE FOR THREE TRUST, by Trustee
MATTHEW J. CREHAN,

UNPUBLISHED
July 14, 2016

Petitioner-Appellant,

v

No. 327010
Michigan Tax Tribunal
LC No. 14-007826-TT

CASCADE TOWNSHIP,

Respondent-Appellee.

Before: OWENS, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

Petitioner appeals as of right an order of the Michigan Tax Tribunal (MTT), which affirmed respondent's denial of a principal residence exemption (PRE) for residential property located in Cascade Township for the tax year 2014. For the reasons set forth in this opinion, we affirm.

## I. FACTS

The Talamore for Three Trust became an owner of a condominium located at Talamore Court in Cascade Township, Kent County, Michigan, on January 15, 2014. On July 21, 2014, petitioner, as trustee of the trust and co-owner of the property, averred in an affidavit submitted to respondent that the property became his principal residence on March 31, 2014. In reliance on petitioner's affidavit, respondent qualified the property for a PRE on July 22, 2014. Respondent mailed a copy of petitioner's revised tax bill to the Talamore property, but it was returned as undeliverable. This caused respondent to question whether the property was actually occupied. On July 23, 2014, respondent's assessor Roger McCarty visited the property. He saw that it was unoccupied at that time, a sign in the window stated that the plumbing was winterized, the back windows were covered, and a neighbor told him that he had not seen anyone living at the property for several years. Respondent sent petitioner a letter on July 30, 2014, requesting certain documents to prove that he resided at the Talamore property. A copy of this letter was sent to the Talamore property and returned as undeliverable. Respondent never received any of the documents it requested from petitioner. Respondent denied petitioner a PRE on the Talamore property on September 4, 2014, and petitioner appealed to the MTT. On February 12, 2015, the MTT found that the Talamore property was not petitioner's principal residence in 2014

-1-

and ordered that the Talamore property was not entitled to a PRE for the tax year 2014. This appeal ensued.

## II. ANALYSIS

Our review of decisions of the MTT is limited. *Mt Pleasant v State Tax Comm*, 477 Mich 50, 53; 729 NW2d 833 (2007). The MTT's "factual findings are final if they are supported by competent, material, and substantial evidence on the whole record. If facts are not disputed and fraud is not alleged, our review is limited to whether the Tax Tribunal made an error of law or adopted a wrong principle." *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527-528; 817 NW2d 548 (2012). To the extent that an appeal from a decision of the MTT requires this Court to construe a statutory provision, our review is de novo. *Moshier v Whitewater Twp*, 277 Mich App 403, 407; 745 NW2d 523 (2007). "[S]tatutes exempting persons or property from taxation must be narrowly construed in favor of the taxing authority." *Liberty Hill Housing Corp v Livonia*, 480 Mich 44, 49; 746 NW2d 282 (2008).

Pursuant to the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, real property is "[a]ll land within" Michigan, MCL 211.2(1)(a), and all real property "shall be subject to taxation[,]" MCL 211.1. However, the GPTA provides a "principal residence exemption, also known as the 'homestead exemption,' [which] is governed by [MCL 211.7cc and MCL 211.7dd]." *EldenBrady v Albion*, 294 Mich App 251, 256; 816 NW2d 449 (2011). Specifically,

> [a] principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under section 1211 of the revised school code [establishing the money a school district may levy for operating purposes], if an owner of that principal residence claims an exemption as provided in this section. [MCL 211.7cc(1) (citation omitted).]

An owner may claim a PRE

> by filing an affidavit on or before May 1 for taxes levied before January 1, 2012 or, for taxes levied after December 31, 2011, on or before June 1 for the immediately succeeding summer tax levy and all subsequent tax levies or on or before November 1 for the immediately succeeding winter tax levy and all subsequent tax levies with the local tax collecting unit in which the property is located. The affidavit shall state that the property is owned and occupied as a principal residence by that owner of the property on the date that the affidavit is signed. [MCL 211.7cc(2).]

A principal residence is "the [one] place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established." MCL 211.7dd(c).[1]

---

[1] We note that there is no dispute that petitioner was an "owner" for purposes of MCL 211.7cc.

In support of petitioner's argument that the property was his principal residence for 2014, petitioner submitted a February 20, 2014 rental agreement for a trailer; a February 20, 2014 bill of lading indicating that a trailer was delivered to petitioner in Muskegon; an unaddressed April 9, 2014 receipt indicating that a battery was delivered to petitioner's "condo"; an unaddressed April 16, 2014 energy bill receipt; several copies of envelopes dated August 2014 and later, addressed to petitioner at the Talamore property; two unaddressed letters from Watermark Club Homes Association[2] dated October and November 2014; two cards to petitioner welcoming him to his new home, one dated May 5, 2014, and the other not dated; a December 21, 2014 Comcast bill for Internet service at the Talamore property but addressed to petitioner at 6757 Cascade Road; a January 9, 2015 bill for repairs to a boiler at the Talamore property; a water bill for the Talamore property stating that the balance began on January 23, 2015; and a January 26, 2015 bill from a heating and cooling company addressed to petitioner at the Talamore property. Furthermore, petitioner testified at the February 4, 2015 hearing that he began moving his belongings into the Talamore property on February 20, 2014, and that he finished doing so on May 31, 2014.

In contrast, respondent submitted evidence that McCarty visited the Talamore property on July 23, 2014, and discovered that there was a sign on the window stating that the plumbing was winterized, that the back windows were papered over, and that a neighbor of the property stated that he had not seen anyone living at the property for several years. McCarty saw that electricity was not being used at the property. Petitioner admitted at the February 4, 2015 hearing that on July 29, 2014, he went to the property and removed the sign stating that the plumbing was winterized. In a July 30, 2014 email, respondent's treasurer stated to McCarty that neighbors of the Talamore property reported that no one had lived there for three years. Respondent's revised tax bill and July 30, 2014 letter to petitioner addressed to the Talamore property were returned as undeliverable. An October 24, 2014 letter from Grand Rapids stated that water at the Talamore property had been shut off since July 11, 2013. In response, petitioner testified that the water was turned off because the plumbing needed repairs. He further testified that when he slept at the Talamore property, he brought bottled water. He also testified, however, that "he slept elsewhere for the most part[.]"

We conclude that the MTT's finding that the Talamore property was not petitioner's principal residence in 2014 was "supported by competent, material, and substantial evidence on the whole record." *Mich Props, LLC*, 491 Mich at 527. Petitioner's February 2014 documents show only that he rented a trailer, which was delivered to Muskegon. His April 2014 receipts were unaddressed. Although petitioner presented copies of envelopes addressed to him at the Talamore property, he testified that August 2014 mail to the Talamore property was unopened and that he directed the local post office not to deliver mail to the Talamore property. Indeed, respondent's 2014 tax bill and July 30, 2014 letter addressed to the Talamore property were returned as undeliverable. The Watermark letters were unaddressed, as were the cards welcoming petitioner to his new home. Although the December 21, 2014 Comcast bill indicated that there was Internet service at the Talamore property, the bill was addressed to petitioner at

---

[2] Watermark was a condominium association of which the Talamore property was a part.

6757 Cascade Road. Petitioner even testified before the MTT that "he slept elsewhere for the most part[.]" Contrary to petitioner's argument that his absence from the Talamore property in 2014 was merely temporary, there was no evidence to support that the Talamore property was his principal residence in 2014. MCL 211.7dd(c). See also *Drew v Cass Co*, 299 Mich App 495, 496-497; 830 NW2d 832 (2013).

Petitioner argues that his mere intent to use the property as his principal residence—as shown by the fact that he moved his furniture into the property in the beginning of 2014 and that he answered the door of the property in his bathrobe on December 31, 2014—proved that the property was his principal residence in 2014. However, a principal residence is not merely the place where an owner intends to reside; rather, the plain language of MCL 211.7dd(c) states that a principal residence is "the one place where an owner of the property *has his or her true, fixed, and permanent home . . . .*" MCL 211.7dd(c) (emphasis added). See *Lafarge Midwest, Inc v Detroit*, 290 Mich App 240, 246; 801 NW2d 629 (2010). In other words, a principal residence is where a person actually lives permanently, not where one merely intends to live permanently. The "intent" portion of the definition of a principal residence refers to the "inten[t] to return[,]" MCL 211.7dd(c), not the intent to make the property a principal residence. Therefore, intent alone is insufficient to render a property a principal residence; rather, the owner of the property must actually live at the property such that the property is the owner's "true, fixed, and permanent home . . . ." MCL 211.7dd(c). See also *Lafarge Midwest, Inc*, 290 Mich App at 246; *Livonia*, 480 Mich at 49.

Petitioner's unpreserved argument that the MTT should not have considered evidence of statements of neighbors regarding the Talamore property being vacant fails as a matter of law. In a proceeding before the MTT, "[t]he rules of evidence must be followed as far as practicable, but the tribunal 'may admit and give probative effect to evidence of a type commonly relied upon by reasonably prudent men in the conduct of their affairs.'" *Georgetown Place Co-op v City of Taylor*, 226 Mich App 33, 52; 572 NW2d 232 (1997), quoting MCL 205.746(1). Although evidence of the neighbors' statements does appear to constitute hearsay, it was "evidence of a type commonly relied upon by reasonably prudent men in the conduct of their affairs" because the neighbors lived close to the Talamore property and, therefore, they were likely to have knowledge as to whether that property was occupied. *Georgetown Place Co-op*, 226 Mich App at 52. Petitioner has not established plain error. *Richard v Schneiderman & Sherman, PC (On Remand)*, 297 Mich App 271, 273; 824 NW2d 573 (2012).

Petitioner also argues that rescinding the PRE on the Talamore property violated his right to uniform taxation under Article 9, § 3, of the Michigan Constitution. Petitioner did not raise this argument before the MTT and it is not properly before this Court. *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005). Furthermore, petitioner cites no evidence to support that respondent failed to tax him "'by a uniform rule;' that is, by one and the same, unvarying standard[,]" in violation of Article 9, § 3. *WPW Acquisition Co v Troy*, 250 Mich App 287, 304; 646 NW2d 487 (2002) (quotation marks omitted). Petitioner has also offered no explanation in support of his argument that the MTT abused its discretion by denying his motion for reconsideration, and has abandoned the argument. See *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003). Insofar as petitioner's argument is based on his allegation that his constitutional right to uniform taxation was violated, as discussed

-4-

above, he has offered no evidence to support this claim.  *WPW Acquisition Co*, 250 Mich App at 304.

Affirmed.


/s/ Donald S. Owens
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien