# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CONSERVATORSHIP OF MARY JANET
FAULKNER HUSTON.

---

G. SCOTT HUSTON, as Conservator for MARY
JANET FAULKNER HUSTON,

       Appellee,

v

TERRI-LYNN HUSTON,

       Appellant.

UNPUBLISHED
August 18, 2016

No.  327036
St. Clair Probate Court
LC No.  13-110298-CA

---

Before:  MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

In this action regarding the appointment of a guardian and conservator for Mary Janet Faulkner Huston, a legally incapacitated person, appellant Terri-Lynn Huston appeals as of right the trial court's order dismissing her petition to modify the order appointing appellee G. Scott Huston as conservator.  We affirm.

The parties to this appeal are the children of Mary Janet Faulkner Huston, who suffers from dementia and had relied entirely on the care of her husband, Gerald Huston.  Following Gerald's death in November 2013, Scott took over Mary Janet's finances and care, reporting that Gerald had asked him to do so in the event of his death.  Terri-Lynn alleged that Scott was attempting to stop her from seeing her mother or communicating with her, and that he was making poor decisions with respect to Mary Janet's money.  As such, she petitioned the trial court to appoint a neutral third party as Mary Janet's conservator and guardian.  The trial court appointed Scott as a temporary guardian and conservator pending a hearing.

The trial court appointed Robert Ladd as Mary Janet's guardian ad litem (GAL) during the proceedings.  Ladd visited with Mary Janet and spoke with both parties before the initial hearing.  After that hearing, Ladd was replaced with John Adair.  Adair also visited with Mary Janet and spoke with all interested parties before each evidentiary hearing.  Both GALs prepared

-1-

written and oral reports that were delivered to the trial court. Both agreed that Mary Janet was mentally incapacitated and required a conservator and guardian.

During a lengthy evidentiary hearing, Terri-Lynn alleged a great deal of wrongdoing by Scott, including blocking her from seeing her mother, eavesdropping on her telephone conversations, hiring 24-hour aides without consulting her, instructing those aides to disrupt her contact with Mary Janet, and mismanaging Mary Janet's care and finances. Scott reported that he had not attempted to hinder their relationship at all, but that he was just trying to follow his father's wishes that he act as Mary Janet's conservator and guardian. After the hearing, which took place over four months and on three separate dates, the trial court appointed Scott as the permanent conservator and guardian in July of 2014.

In February of 2015, Terri-Lynn petitioned the trial court to modify the conservatorship by removing Scott as conservator and replacing him with a neutral third party. At that hearing, the trial court dismissed Terri-Lynn's petition, finding that it had no factual basis. Neither Adair nor Ladd attended the hearing or prepared a report.

Terri-Lynn now appeals that decision dismissing her petition to modify the conservatorship. The proceedings in this case are governed by the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.* Issues involving statutory construction are reviewed de novo by this Court. *Moshier v Whitewater Twp*, 277 Mich App 403, 407; 745 NW2d 523 (2007). "But appeals from a probate court decision are on the record, not de novo." *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). Instead, "[t]he trial court's factual findings are reviewed for clear error, while the court's dispositional rulings are reviewed for an abuse of discretion." *Id*.

Terri-Lynn first argues that the trial court should have had a GAL investigate, prepare a written report, and attend the hearing on the motion to modify the conservatorship. Initially, we note that Terri-Lynn did not object to the GAL's absence when the case was before the trial court. Therefore, that issue is unpreserved and we need not consider it. *Napier v Jacobs*, 429 Mich 222, 227-228; 414 NW2d 862 (1987). Moreover, Terri-Lynn's argument, as she frames and attempts to support it, lacks merit.

The probate court has "exclusive legal and equitable jurisdiction" over "a proceeding that concerns a guardianship, conservatorship, or protective proceeding." MCL 700.1302(c). The trial court is permitted to appoint a conservator, after notice and hearing, if it determines that an "individual is unable to manage property and business affairs effectively for reasons such as mental illness, mental deficiency, [and] physical illness or disability," and that the protection and management of the individual's money and property is necessary. MCL 700.5401(3). With respect to "a petition for a conservator's appointment" and the hearing thereon, "[u]nless the individual to be protected has chosen counsel, or is mentally competent but aged or physically infirm, the court shall appoint a guardian ad litem to represent the person in the proceeding."

MCL 700.5406(2).[1]  Once a conservatorship is in place, "[a] person interested in the welfare of an individual for whom a conservator is appointed may file a petition in the appointing court for an order to . . . [r]emove the conservator and appoint a temporary or successor conservator." MCL 700.5415(1)(d).  In order to remove a conservator, the trial court must find that good cause has been shown after notice and hearing.  MCL 700.5414.

On appeal, Terri-Lynn argues, citing MCL 700.5305 and MCL 700.5310, that a petition for modification of a conservatorship "follows the same procedure as an initial filing."  MCL 700.5310(4), which subsection Terri-Lynn is apparently relying upon, provides:

> Before removing a guardian, appointing a successor guardian, modifying the guardianship's terms, or terminating a guardianship, and following the same procedures to safeguard the ward's rights as apply to a petition for a guardian's appointment, the court may send a visitor to the present guardian's residence and to the place where the ward resides or is detained to observe conditions and report in writing to the court.

The petition at issue concerned a request to remove Scott as his mother's conservator, not as her guardian; therefore, MCL 700.5310 was inapplicable.[2]  As to MCL 700.5305, which is contained in Article V, Part 3 of EPIC covering guardianships of incapacitated individuals and not conservatorships (Part 4), it specifically concerns GALs and their duties.  While found in Part 3, MCL 700.5305, which has no equivalent in Part 4 on conservatorships, makes reference to conservatorship-oriented obligations, e.g., "[a]sking the [protected] individual . . . about the amount of cash and property readily convertible into cash that is in the individual's estate[,]" MCL 700.5305(1)(f).  Assuming the general applicability of MCL 700.5305 in the procedural posture of this case, the statute simply does not speak to the question of whether the trial court was required to have a GAL involved in connection with Terri-Lynn's petition to modify the conservatorship.  And MCL 700.5414 and MCL 700.5415, which do address such petitions but are not even cited by Terri-Lynn, make no reference whatsoever to GALs.  Terri-Lynn does not contend that MCL 700.5406(2) dictates the continuing involvement of a GAL relative to a subsequent petition to modify an existing conservatorship, which statutory provision, again,

---

[1] With respect to a petition for a finding of incapacity and appointment of a guardian, MCL 700.5303(3) provides that "[u]nless the allegedly incapacitated individual has legal counsel of his or her own choice, the court shall appoint a guardian ad litem to represent the person in the proceeding."  Because the instant case entailed, initially, a petition for a guardianship and a conservatorship, both MCL 700.5303(3) (guardianships) and MCL 700.5406(2) (conservatorships) mandated the appointment of a GAL under the circumstances presented in this case.  Thus, Ladd, and later Adair, essentially wore two hats – GAL for the purpose of the guardianship and GAL for the purpose of the conservatorship.  Terri-Lynn does not present an argument under MCL 700.5303(3).

[2] We also note that the term "guardian," as used in MCL 700.5310, does not include GALs. MCL 700.1104(n) ("Guardian does not include a guardian ad litem.").

-3-

pertains to a petition to appoint a conservator and requires a court to also appoint a GAL "in the proceeding." Given the absence of an argument under MCL 700.5406, or even its acknowledgment, we decline to explore whether the "in the proceeding" language indicates that an appointed GAL or GAL replacement must participate in all matters until the conservatorship formally ends.

Next, Terri-Lynn argues that the trial court abused its discretion by failing to appoint legal counsel for Mary Janet. Once again, Terri-Lynn failed to object to the lack of an attorney for Mary Janet during the hearing, so this issue is unpreserved and we decline to review it. *Napier*, 429 Mich at 227. Moreover, the vague and undeveloped three-sentence argument reflects woefully inadequate briefing, and we deem the issue waived. See *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998) (" 'It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.' ") (citation omitted).

Affirmed. Having fully prevailed on appeal, Scott is awarded taxable costs pursuant to MCR 7.219.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra