# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL PATRU,

Petitioner-Appellant,

v

CITY OF WAYNE,

Respondent-Appellee.

UNPUBLISHED
May 8, 2018

No. 337547
Tax Tribunal
LC No. 16-001828-TT

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Petitioner, Daniel Patru, appeals by right the Tax Tribunal's order that established the true cash value (TCV) at $50,400 for the 2016 tax year on a certain residential property owned by Patru in Wayne County. For the reasons stated below, we reverse and remand for rehearing.

## I. BASIC FACTS

In August 2015, Patru purchased a residential property in Wayne County for $32,000 in a bank sale. It is undisputed that, when he purchased the property, it was in substandard condition and required numerous repairs to make it livable. Patru completed the required repairs on the property as of December 31, 2015. Thereafter, respondent, the City of Wayne, determined that the TCV for his property was $50,400, rather than the $32,000 purchase price. Patru appealed the decision, first to the Board of Review, and then to the Tax Tribunal. Patru contended that under MCL 211.27(2), the City could not consider "the increase in true cash value that is a result of expenditures for normal repairs, replacement, and maintenance." In response, the City appears to have maintained that the TCV of the property reflected its value as a fully repaired property, and it presented a sales-comparison analysis that included no adjustments for the substandard condition of the property at the time of sale.

In October 2016, a hearing referee heard the parties' arguments and evidence in support of their respective positions. Relevant to this appeal, the referee found that the purchase price of $32,000 was not the presumptive true cash value, and it found that the seller *may* have been under financial duress, causing the property to sell for less than market value. The referee also recognized that the property was in need of repair when it was purchased. The referee concluded that:

-1-

[T]he subject's purchase price reflected the condition of the subject property prior to the repairs and the repairs were completed by tax day. Petitioner claims that under MCL 211.27(2) we should not increase the subject's true cash value for normal repairs and maintenance until the subject property is sold. However, Petitioner even admitted that the subject was in substandard condition at the time of purchase and the city required that the repairs be made. Therefore, the Tribunal does not find that the repairs completed by Petitioner were normal repairs and maintenance as noted by the statute. Instead, the subject was in substandard condition at the time.

Thus, the referee determined that if a property is purchased in substandard condition, any repairs done on the property to bring it into good repair do not constitute normal repairs, maintenance, or replacement within the meaning of MCL 211.27(2), so the increase in TCV resulting from those repairs can be immediately considered in determining the TCV for assessment purposes. The referee then determined that the TCV for the property was $50,400.

Patru filed exceptions, arguing that the repairs he conducted were normal repairs and directing the Tribunal to the plain language of MCL 211.27(2). Patru also submitted a spreadsheet that detailed every repair he had performed on the property and the approximate cost of each. In reviewing the exceptions, however, the Tribunal focused on the fact that the spreadsheet was "new evidence" that had not been previously submitted to the Tribunal, refused to consider the new evidence, and concluded that, although the referee's statement of law was not necessarily correct, Patru had nevertheless failed to establish that the repairs he conducted were normal repairs within the meaning of the statute. Accordingly, the Tribunal upheld the referee's determination.

Patru moved for reconsideration, contending that he had presented sworn testimony and additional documentary evidence at the hearing in support of his argument that the repairs were "normal" repairs under MCL 211.27(2). The Tribunal denied the motion. In doing so, the Tribunal did not consider that Patru had offered evidence at the hearing in support of his argument that MCL 211.27(2) applied. Instead, the Tribunal stated that Patru had failed to establish the TCV for the property before repairs. The Tribunal reasoned that, as a result, it was "unable to conclude that the valuation adopted by the Hearing Referee in the Proposed Opinion and Judgment and the Tribunal in the Final Opinion and Judgment improperly includes value for normal maintenance and repairs."

This appeal follows.

## II.  MCL 211.27(2)

### A.  STANDARD OF REVIEW

Patru argues that the Tribunal erred by determining the TCV for his property to be $50,400 for the 2016 tax year.  "Absent fraud, this Court's review of a Tax Tribunal decision is limited to determining whether the tribunal made an error of law or adopted a wrong legal principle."  *Meijer, Inc v Midland*, 240 Mich App 1, 5; 610 NW2d 242 (2000).  We review de novo the proper interpretation and application of a statute.  *Brecht v Hendry*, 297 Mich App 732, 736; 825 NW2d 110 (2012).  When construing a statute containing a tax exemption, we must construe it narrowly and in favor of the taxing authority.  *Moshier v Whitewater Twp*, 277 Mich App 403, 409; 745 NW2d 523 (2007).  At the same time, we will not allow a "strained construction adverse to the Legislature's intent."  *Id*. (quotation marks and citation omitted).

### B.  ANALYSIS

Under MCL 211.27(2), an assessor cannot consider "the increase in true cash value that is a result of expenditures for normal repairs, replacement, and maintenance in determining the true cash value of property for assessment purposes until the property is sold."  To aid the assessor in determining what constitutes a normal repair, the Legislature set forth a list of repairs that are "considered normal maintenance if they are not part of a structural addition or completion."  See MCL 211.27(2).[1]

---

[1] In relevant part, MCL 211.27(2) provides:

> The following repairs are considered normal maintenance if they are not part of a structural addition or completion:
>
> (a) Outside painting.
>
> (b) Repairing or replacing siding, roof, porches, steps, sidewalks, or drives.
>
> (c) Repainting, repairing, or replacing existing masonry.
>
> (d) Replacing awnings.
>
> (e) Adding or replacing gutters and downspouts.
>
> (f) Replacing storm windows or doors.
>
> (g) Insulating or weatherstripping.
>
> (h) Complete rewiring.
>
> (i) Replacing plumbing and light fixtures.

In this case, when Patru purchased the house it was in substandard condition and required numerous repairs to bring it into a livable condition. Moreover, it is undisputed that the repairs were actually completed. However, there is a question as to whether the repairs that were completed were normal repairs within the meaning of MCL 211.27(2). The record reflects that Patru provided evidence in support of his claim at the hearing before the referee, in support of his exceptions to the referee's proposed opinion and judgment, and in support of his motion for reconsideration. In particular, the referee's proposed opinion and judgment reflects that:

> At the hearing, [Patru] presented two pages of repairs that the city required to be completed. [Patru claimed that the] subject's purchase price reflected the fact that the subject needed repairs. [Patru] stated that he put approximately $10,000 into the subject property and did most of the work himself. The work involved carpentry, electrical, and cement. The repairs were completed and the property had a certificate of occupancy by December 31, 2015.

> * * *

> [Patru] stated that under MCL 211.27(2) the assessor shall not consider the normal repairs or maintenance until the property is sold. [Patru] presented two pages of repairs that the city required to be repaired on the subject property before allowing occupancy. [Patru] stated that about two weeks after moving in, the subject's basement flooded. [Patru] concluded by stating that the city cannot assess the repairs to the subject property until the property is sold pursuant to the statute.

Additionally, with his exceptions to the referee's proposed opinion and judgment, Patru submitted a spreadsheet detailing the repairs he completed, which, we note, included repairs that, under MCL 211.27(2), constitute normal repairs so long as they are not part of a structural addition or completion.[2]

---

> (j) Replacing a furnace with a new furnace of the same type or replacing an oil or gas burner.

> (k) Repairing plaster, inside painting, or other redecorating.

> (l) New ceiling, wall, or floor surfacing.

> (m) Removing partitions to enlarge rooms.

> (n) Replacing an automatic hot water heater.

> (o) Replacing dated interior woodwork.

[2] For example, Patru repaired the roof, which is a normal repair under MCL 211.27(2)(b), repaired chimney masonry, which is a normal repair under MCL 211.27(2)(c), repaired a service

-4-

The hearing referee incorrectly interpreted MCL 211.27(2) by concluding that because the repairs were done to a property in substandard condition, they did not constitute normal repairs. As a result, contrary to MCL 211.27(2), the referee *considered* the increase in value attributed to the repairs when determining the property's TCV. Stated differently, the referee's finding that the property's TCV was $50,400 was based on its assessment of the property's value after it had been repaired. This was improper because MCL 211.27(2) expressly provides that certain repairs constitute normal repairs so long as they are not part of a structural addition or completion. Nothing in MCL 211.27(2) provides that the repairs listed in subdivisions (a) through (o) are not normal repairs in the event that they are performed on a substandard property. Thus, by reading a requirement into the statute that was not stated by the legislature, the trial court erred by interpreting and applying MCL 211.27(2). See *Mich Ed Ass'n v Secretary of State (On Rehearing)*, 489 Mich 194, 218; 801 NW2d 35 (2011) (stating that nothing will be read into a clear statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself).

In its final opinion and judgment, the Tribunal recognized that the referee erred in its interpretation of MCL 211.27(2); however, it nevertheless upheld the determination of TCV. The Tribunal reasoned that because the spreadsheet detailing the repairs completed on the property had not been submitted before the hearing, it had no obligation to consider that evidence, so it concluded that Patru failed to establish that the repairs constituted normal repairs. However, as stated above, Patru did present evidence at the hearing in support of his claim that MCL 211.27(2) applied. The referee did not fully evaluate that evidence—which included testimony—because it misapprehended how to properly apply MCL 211.27(2).

Further, because the hearing was not transcribed, we cannot determine whether the evidence Patru provided at the hearing was reflective of the information on the spreadsheet submitted with his exceptions. If the testimony provided was an oral recitation of the information included on the spreadsheet, then Patru presented testimony sufficient to establish that at least some of the repairs constituted normal repairs under MCL 211.27(2), and so the increase in TCV attributed to those repairs should not be considered in the property's TCV for assessment purposes until such time as Patru sells the property. However, if Patru merely testified that he did some carpentry, electrical, and masonry repairs and no further explanation of the work that was provided, then he would have arguably failed to support his claim. Either way, on the record before this Court, we cannot evaluate the sufficiency of the evidence presented at the hearing. Thus, we conclude that further proceedings are necessary in order to determine whether the repairs were normal repairs within the meaning of MCL 211.27(2). Accordingly, we remand to the Tax Tribunal for a rehearing. Further, because the existing record is insufficient to resolve whether the repairs are normal repairs within the meaning of the statute, the parties shall be afforded further opportunity to submit additional proofs. See *Fisher v Sunfield Township*, 163

---

walk and broken treads on front steps, which is a normal repair under MCL 211.27(2)(b), and repainted the interior, which is a normal repair under MCL 211.27(2)(k).

Mich App 735, 743; 415 n 297 (1987) (requiring rehearing when it was not clear whether the proofs submitted were sufficient to establish that repair expenditures were normal repairs).[3]

Reversed and remanded for rehearing consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien

---

[3] We note that, on reconsideration, the Tribunal faulted Patru for failing to establish a pre-repair TCV. However, as the Tribunal must make its own, independent determination of TCV, *Great Lakes Div of Nat'l Steel Corp v City of Ecorse*, 227 Mich App 379, 389; 576 NW2d 667 (1998), we conclude that Patru's failure to persuade the Tribunal that the property's purchase price reflected the pre-repair TCV is irrelevant. The Tribunal independently had to evaluate all the evidence presented and, properly applying MCL 211.27(2), arrive at the property's TCV.